IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANTHONY ROWE, | )<br>) |
| Plaintiff, | )  4:06cv3124<br>) |
| vs. | )  MEMORANDUM AND ORDER<br>) |
| PFIZER, et al., | )<br>) |
| Defendants. | ) |

    This matter is before the court on the following pending motions: (1) filing no. 6, the defendants' Motion to Dismiss; (2) filing no. 10, the plaintiff's Motion to Object, which has been docketed as a Motion to Remand this case to the District Court of Lancaster County, Nebraska, where it was originally filed; (3) filing no. 11, the Defendants' Opposition to Plaintiff's Motion to Remand; and (4) filing no. 12, the plaintiff's Motion for Copies.  The plaintiff, Anthony Rowe, a state prisoner, filed this action in the District Court of Lancaster County, Nebraska, against manufacturers of a cold remedy, Sudafed, and the defendants removed the action to this court.

    The plaintiff moves to remand the action to state court on the grounds that the defendants have not answered the petition, and thus they are in default; the state court had jurisdiction; and the defendants have not pointed to any improprieties by the state court or demonstrated any reason why the state court could not adjudicate the case.  However, the plaintiff misunderstands the removal statutes, 28 U.S.C. §§ 1441 *et seq*.  28 U.S.C. § 1441 authorizes the removal of civil actions from state court to federal court when the action initiated in state court is one that could have been brought, originally, in a federal district court.  Lincoln Property Co. v. Roche, 126 S.Ct. 606, 610 (2005).  Filing a Notice of Removal has the effect of removing the action to the district court, subject to remand or dismissal.  If, once the case is in federal court, it appears that the federal court lacks jurisdiction, "the case shall be remanded."  Martin v. Franklin Capital Corp., 126 S.Ct. 704, 707-08 (2005), *citing* 28 U.S.C. § 1447(c).

    There are special grounds for removal (e.g., 28 U.S.C. § 1442(a), the federal officer

removal statute), but the primary bases for removal are: jurisdiction based on diversity of citizenship, see 28 U.S.C. §§ 1332 and 1441, and federal question jurisdiction, see 28 U.S.C. §§ 1331 and 1441. See generally Lincoln Property Co. v. Roche, 126 S.Ct. 606, 610 (2005) ("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State."). See also Aetna Health Inc. v. Davila, 542 U.S. 200, 207 (2004) ("Under the removal statute, 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant' to federal court. 28 U.S.C. § 1441(a). One category of cases of which district courts have original jurisdiction are 'federal question' cases: cases 'arising under the Constitution, laws, or treaties of the United States.' § 1331.").

In this case, the defendants had no obligation to answer the petition before filing their Notice of Removal, and thus, they are not in default. This is an action which could have been brought in federal court by virtue of diversity of citizenship jurisdiction. Therefore, both the state court and this court had jurisdiction; and the defendants had a right to remove the action. Removal does not depend on any improprieties by the state court or any defects in state court procedure.

Therefore, filing no. 10, the plaintiff's Motion to Object (docketed as a Motion to Remand) is denied. Similarly, filing no. 11, the Defendants' Opposition to Plaintiff's Motion to Remand, is granted.

As for the defendants' Motion to Dismiss, the plaintiff claims that he is addicted to methamphetamine, which is made by extracting an ingredient from the defendants' product, Sudafed. The plaintiff seeks damages from the defendants on theories of products liability, failure to warn and negligence. The defendants move to dismiss the action, among other reasons, because the complaint fails to state a claim upon which relief may be granted; the claims are barred by the applicable statute of limitations; and because to shift the responsibility to the defendants for the plaintiff's criminal conduct would violate public policy.

The plaintiff is presently incarcerated in the Fort Dodge, Iowa Correctional Facility. He requests a copy of his complaint, and he has not responded to the defendants' motion.

The defendants' arguments seem reasonable, but the plaintiff is entitled to an opportunity to be heard. Therefore, I will direct the Clerk of Court to send the requested copies to the plaintiff, and I will establish a deadline for the plaintiff to respond to the defendants' Motion to Dismiss.

THEREFORE, IT IS ORDERED:

1. That filing no. 6, the defendants' Motion to Dismiss, is taken under advisement until after October 23, 2006;

2. That filing no. 10, the plaintiff's Motion to Object (docketed as a Motion to Remand), is denied;

3. That filing no. 11, the Defendants' Opposition to Plaintiff's Motion to Remand, is granted;

4. That filing no. 12, the plaintiff's Motion for Copies, is granted, and the Clerk of Court shall send copies of filing no. 1-2 (complaint), filing nos. 6 and 7 (motion to dismiss and brief) and a docket sheet to the plaintiff, without charge;

5. That the plaintiff shall have until October 23, 2006 to respond to the defendants' Motion to Dismiss; and

6. That in the absence of a timely and sufficient response, filing no. 6, the defendants' Motion to Dismiss, will be granted.

October 3, 2006.              BY THE COURT:

                              s/ *Richard G. Kopf*
                              United States District Judge