IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANTHONY ROWE, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06cv3124 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| PFIZER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the following pending motions: (1) filing no. 6, the defendants' Motion to Dismiss; and (2) filing no. 14, the plaintiff's Motion for Extension to Deadline or Request for Appointment of Counsel. The plaintiff, Anthony Rowe, a prisoner, filed this action in the District Court of Lancaster County, Nebraska, against manufacturers of a cold remedy, Sudafed, and the defendants removed the action to this court.

The plaintiff states that he is a federal detainee who has been held for the last four months in a jail in Fort Dodge, Iowa that does not have a law library. Thus, he has been unable to respond to the defendants' Motion to Dismiss filed on May 31, 2006.[1]  I previously granted the plaintiff an extension of time until October 23, 2006, and he now requests an additional extension of six (6) months in which to respond to the defendants' motion or, in the alternative, he seeks appointment of counsel, as he is proceeding in forma pauperis. The defendants resist both of the plaintiff's requests.

It appears that the plaintiff filed this case before he was able to undertake the

---

[1] As for the defendants' Motion to Dismiss, the plaintiff claims that he is addicted to methamphetamine, a controlled substance which is made by extracting an ingredient from the defendants' product, Sudafed. The plaintiff seeks damages from the defendants on theories of products liability, failure to warn and negligence, apparently tracing his addiction in some way to the defendants' product. The defendants move to dismiss the action, among other reasons, because the complaint fails to state a claim upon which relief may be granted; the claims are barred by the applicable statute of limitations; and because to shift the responsibility to the defendants for the plaintiff's criminal conduct in manufacturing and consuming methamphetamine would violate public policy.

burdens of litigation.  Unlike criminal prosecutions, the court cannot routinely appoint counsel in civil cases.  In this litigation, as in Phillips v. Jasper County Jail, 437 F.3d 791, 793 (8th Cir. 2006), the record has not been sufficiently developed to determine whether appointment of counsel is justified.  "There is no constitutional or statutory right to appointed counsel in civil cases .... Rather, when an indigent prisoner has pleaded a nonfrivolous cause of action, a court '*may*' appoint counsel.  Id. at 794 (emphasis in original, citations omitted).

Here, the plaintiff alleges that the defendants are somehow responsible for his methamphetamine addiction because they manufacture a cold remedy which contains an ingredient that the plaintiff extracted in order to engage in the illegal production, sale and consumption of methamphetamine.  I am not certain that the plaintiff has indeed presented a nonfrivolous cause of action.

In Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court explained: "The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim."  (Citations omitted.)  As in Phillips v. Jasper County Jail, 437 F.3d at 794, the plaintiff's claims in this case involve information that is readily available to him.  He is, after all, the person who extracted the ingredient from the defendant's product, the one who manufactured the methamphetamine, the one who consumed the substance, and the person who developed an addiction.

At this time, I find that appointment of an attorney would be premature.  The plaintiff should be capable of presenting his claims and at least beginning discovery.  In addition, he has made no record of attempts to obtain counsel, e.g., on a contingent fee basis.

As for an extension of time, six months is unreasonable.  The plaintiff may have approximately one more month in which to respond to the defendants' Motion to Dismiss, at the end of which the defendants' motion will be deemed submitted for decision.  In the alternative, the plaintiff may voluntarily dismiss this action without prejudice and refile it at a later time when he is better able to prosecute the case with diligence, although the possible expiration of the statute of limitations should be always be a consideration when

deciding whether to dismiss and refile.

THEREFORE, IT IS ORDERED:

1. That filing no. 14 is granted in part and denied in part in that the plaintiff shall have until November 30, 2006 to respond to the defendants' Motion to Dismiss;

2. That filing no. 6, the defendants' Motion to Dismiss, is taken under advisement until after November 30, 2006; and

3. That in the absence of a timely and sufficient response by the plaintiff, filing no. 6, the defendants' Motion to Dismiss, will be granted.

October 30, 2006.   BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge