IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANTHONY ROWE, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06cv3124 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| PFIZER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the following pending motions: (1) filing no. 6, the defendants' Motion to Dismiss; and (2) filing no. 17, the plaintiff's Motion to Strike and Reconsider Appointment of Counsel. The plaintiff, Anthony Rowe, a state prisoner, filed this action in the District Court of Lancaster County, Nebraska, against manufacturers of a cold remedy, Sudafed, and the defendants removed the action to this court.

The plaintiff alleges that he has been fighting his addiction to methamphetamine for five years, and that methamphetamine is made by extracting an ingredient from the defendants' cold remedy product, Sudafed. The plaintiff seeks damages from the defendants on theories of products liability and negligence. The defendants move to dismiss the action, among other reasons, because the complaint fails to state a claim upon which relief may be granted; the claims are barred by the applicable statute of limitations; and because to shift the responsibility to the defendants for the plaintiff's criminal conduct in manufacturing, selling and/or consuming methamphetamine would violate public policy.

The defendants' Motion to Dismiss is granted. First, to remove an ingredient from the cold remedy Sudafed so as to manufacture an illegal controlled substance is a clear case of product misuse, which is a defense to the plaintiff's product liability claim. Similarly, in the context of a negligence action, the defendants owe the plaintiff no duty to prevent him from misusing their product, particularly in a criminal manner. Second, as the defendants assert, the four-year statutes of limitations applicable to the plaintiff's products liability and negligence claims expired over a year before he began this litigation.

THEREFORE, IT IS ORDERED;

1.     That filing no. 6, the defendants' Motion to Dismiss, is granted;

2.     That filing no. 17, the plaintiff's Motion to Strike and Reconsider Appointment of Counsel, is denied; and

3.     That judgment will be entered dismissing this case with prejudice.

January 4, 2007.         BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge